# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CA-00729-SCT

*LONG BEACH AUTO AUCTION, INC.*

*v.*

*UNITED SECURITY ALLIANCE, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/13/2005 |
| TRIAL JUDGE: | HON. STEPHEN B. SIMPSON |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOHN PAUL BARBER |
| | WILLIAM E. WHITFIELD, III |
| ATTORNEYS FOR APPELLEE: | MICHAEL ANDREW McDONALD |
| | JAMES WILLIAM WILLIAMS |
| | LAUREN CARSON WILLIAMS |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 08/17/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., CARLSON, AND RANDOLPH, JJ.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.     On December 20, 2001, Long Beach Auto Auction, Inc. ("LBAA") and United Security Alliance, Inc. ("United") entered into an agreement for United to install and operate a video surveillance system at LBAA's auction facility.   On January 8, 2002, the system was installed. Following installation of the equipment, finalization of formal agreements, and LBAA's payment of the security deposit and first month's lease payment, United provided its warranty agreement to LBAA.   The warranty required written acceptance by LBAA and contained a

forum selection clause limiting jurisdiction to Florida courts and sole venue to Hillsborough County, Florida. LBAA signed United's warranty on January 15, 2002.

¶2.     Thereafter, LBAA alleges the system failed to operate properly, and after several unsuccessful attempts to contact United to void the agreement, it filed a complaint against United in the Circuit Court of the First Judicial District of Harrison County, Mississippi, on June 25, 2004. LBAA's complaint alleged, inter alia, that United was guilty of (1) breach of contract; (2) breach of express warranty; (3) breach of implied warranty of merchantability; and (4) breach of implied warranty of fitness for a particular purpose. LBAA's certified letter containing the summons and complaint, along with discovery requests, was mailed to United on June 25, 2004. Within the discovery requests was "Request for Admission No. 1," which asked United to admit that jurisdiction was proper in the Mississippi court. LBAA received a domestic return receipt of the certified letter, signed by Donna Moon. United did not file responsive pleadings or respond to discovery requests. LBAA sent a second summons with a copy of the original complaint to United on July 29, 2004. United responded by filing a motion to dismiss on September 8, 2004, contesting the Mississippi court's jurisdiction, relying on the forum selection clause contained in its warranty.

¶3.     On January 13, 2005, the circuit court granted United's motion and dismissed the action without prejudice. Following denial of its motion for reconsideration, LBAA filed this appeal.

**FACTS**

¶4.     In December 2001, LBAA and United entered into negotiations for United to install a video surveillance system at LBAA's auction facility in Long Beach, Mississippi. On

2

December 18, 2001, LBAA paid $1,495.86 to United for a security deposit and first month's payment on the system. On December 20, 2001, the agreement was finalized as LBAA financed the transaction by entering into three-year lease agreements for the equipment through three separate companies. On December 20, 2001, J. Terry Ottinger, United's President, wrote to M.C. Morris of LBAA, stating that "[y]our business not only will benefit from 15 years of experience, specializing in the design and installation of Closed Circuit Television Systems, but you will also enjoy our 'World Class' service and warranty program combined with the best overall value available anywhere."

¶5.    The system was installed on January 8, 2002. However, United did not provide its "Exclusive CCTV System Warranty," until January 15, 2002. According to Bryan Morris, an LBAA manager, "[b]y the time I received the Express Warranty form, [LBAA] had *already entered into the lease agreement and paid the security deposit and first months rent on the system*." (Emphasis added). The warranty contained this forum selection clause:

> [t]he undersigned mutually agree this warranty is offered by [United Security] a Florida Corporation in accordance with the Laws of the State of Florida, therefore *any dispute whatsoever arising from this agreement or any other agreement between the parties shall be the subject matter jurisdiction of the Courts of the State of Florida and it is specifically agreed that venue shall be proper solely in Hillsborough County, Florida*.

(Emphasis added). Although the warranty was issued by United, it had a signature line for the purchaser/lessor of the equipment warranted.

¶6.    Thereafter, LBAA alleges that the system repeatedly failed to operate properly. On September 3, 2003, LBAA wrote to United complaining of defects in the system and

3

"request[ing] that the equipment be removed and that all contracts ... be cancelled." After no response from United, LBAA wrote to United on November 11, 2003, stating:

> [w]e have not heard from you since [September 3, 2003], and continue to be plagued with difficulties and inconveniences of the equipment that [LBAA] purchased from your firm. ... On behalf of [LBAA], demand is hereby made that the equipment installed by your firm be immediately removed and that an appropriate adjustment be made with American Express on their continued efforts to collect from LBAA.

¶7. Still receiving no response from United, LBAA filed a complaint against United in circuit court. That same day, a certified letter[1] was sent to Ottinger[2] containing the summons and complaint, the combined interrogatories, requests for production of documents, and requests for admissions.[3] "Request for Admission No. 1" reads, "[p]lease admit that the Circuit Court for the First Judicial District of Harrison County, Mississippi has jurisdiction of the parties and the subject matter of this lawsuit." On June 28, 2004, a domestic return receipt of LBAA's certified letter was executed by Donna Moon, an employee of United.

¶8. After receiving no response from United, LBAA sent another summons and complaint to United on July 29, 2004.[4] In this instance, the record does not reveal the service of the

---

[1]The letter and attachments were served by first class mail, postage prepaid, and required a return receipt according to Melissa Townsley, a secretary at the law firm representing LBAA.

[2]Ottinger was United's registered agent.

[3]Notice of service was filed in the circuit court on June 25, 2004, pursuant to Uniform Local Rule 6(e)(2), providing that United was served by mail with combined interrogatories, requests for production of documents, and requests for admissions. The notice to defendant of summons and complaint sent to United on June 25, 2004, was filed on July 8, 2004.

[4]The Notice to Defendant of Summons and Complaint sent to United on July 29, 2004 was filed on August 31, 2004.

4

accompanying discovery requests. On August 11, 2004, the summons was served upon United.[5] United filed a motion to dismiss challenging venue and jurisdiction. LBAA filed a response and motion to stay motion to dismiss pending discovery on jurisdiction and venue issues. LBAA asserted that it "has propounded discovery relative to jurisdictional and venue issues and [United's] response to this discovery *is due on September 27, 2004*." (Emphasis added). On September 27, 2004, United filed a motion to quash and objection to discovery requests asserting "[i]n the event that the Court determines that [United's] response to the Request for Admissions is due on September 27, 2004," United "hereby denies each and every Request for Admission propounded on it by [LBAA]."

¶9. United's motion to dismiss was granted, and the action was dismissed without prejudice. The circuit court found:

> [t]he Warranty Agreement which is part of the contract entered into between the parties contains a forum selection clause. By signing the agreement the parties stipulated that any dispute arising between them relative to this system would proceed in Florida state court with venue in Hillsborough County, Florida. There was no showing that this agreement was fraudulent or overreaching and therefore it will be upheld. See ***Tel-Com Mgmnt., Inc. v. Waveland Resort Inns, Inc.***, 782 So. 2d 149, 153 (Miss. 2001). The Court finds there is no need for discovery on this issue. It is therefore, ORDERED AND ADJUDGED, that the Motion to Dismiss of [United Security] is granted and the complaint is dismissed without prejudice.

After denial of its motion for reconsideration, LBAA filed this appeal.

---

[5]According to Ottinger:

> [o]n August 11, 2004, I was served with the Complaint and the exhibits attached thereto by [LBAA] in the [circuit court]. However, I did not receive discovery requests of any kind whatsoever at the time the Complaint was served nor have I received any discovery requests from [LBAA] or its counsel at any time thereafter.

**ISSUES**

¶10.     LBAA raises four issues:

(1) Whether United waived the choice of forum clause and consented to jurisdiction in the circuit court by failing to respond to certain Requests for Admission served by LBAA?

(2) Whether a choice of forum clause in the express warranty issued by United operates to deny LBAA's access to Mississippi Courts for lack of in personam jurisdiction over United?

(3) Alternatively, whether discovery is needed to determine the enforceability and/or applicability of the forum selection clause to this lawsuit?

(4) Alternatively, whether the choice of forum clause in the express warranty is supported by consideration sufficient to make it applicable to the entire agreement of the parties and thus to all of LBAA's claims or whether it is limited only to breach of express warranty claims?

This Court finds Issue (2) to be dispositive and addresses only that issue.

**STANDARD OF REVIEW**

¶11.     "[I]ssues pertaining to the interpretation and enforcement of a forum selection clause should be deemed to be questions of law and subject to *de novo review*." **Titan Indem. Co. v. Hood**, 895 So. 2d 138, 145 (Miss. 2004) (emphasis added).

**ANALYSIS**

**Whether a choice of forum clause in the express warranty issued by United operates to deny LBAA's access to Mississippi Courts for lack of in personam jurisdiction over United?**

¶12.     The forum selection clause states, in part:

any dispute whatsoever arising from this agreement or any other agreement between the parties shall be the subject matter jurisdiction of the Courts of the State of Florida and it is specifically agreed that venue shall be proper solely in Hillsborough County, Florida.

¶13.     Forum selection clauses are "*presumptively valid and enforceable*," *unless* the resisting party can show:

(1)    Its incorporation into the contract was the result of fraud, undue influence or overweening bargaining power;

(2)    The selected forum is so gravely difficult and inconvenient that the resisting party will for all practical purposes be deprived of its day in court; or

(3)    The enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision.

*Id*. at 146 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-13, 92 S.Ct. 1907, 1914, 1916-17, 32 L.Ed.2d 513 (1972) (emphasis added)).   Moreover, "the resisting party bears the burden of showing that the enforcement of the clause is unreasonable."   *Titan Indem.*, 895 So. 2d at 146 (citing *Zapata*, 92 S.Ct. at 1917).

¶14.    United asserts that fraud was first raised by LBAA in its response to the motion to dismiss and motion to stay motion to dismiss pending discovery on jurisdiction and venue issues, filed on September 22, 2004, and has yet to be pled with particularity.   *See* Miss. R. Civ. P. 9(b).   Assuming arguendo that the fraud claim is properly raised, United maintains that the forum selection clause is enforceable because it was clearly stated in a warranty agreement which was signed by both LBAA and United.   United argues that there was no overweening bargaining power because both parties were commercial entities freely entering into an agreement.

¶15.    LBAA persuasively posits that United "fraudulently inserted the forum selection clause into the express warranty document ... weeks after the parties had finalized their agreement for leasing the surveillance system and United had installed the defective surveillance system" and it was "contractually bound in the financing agreement[s] and had no bargaining leverage to negotiate the terms of the express warranty."   LBAA has amply satisfied the burden of showing enforcement of the clause to be unreasonable.   The undisputed facts that the system had

7

previously been installed, leases were finalized and enforceable, and the deposit and first month's rent had been paid, all before LBAA was given the warranty, are more than sufficient to overcome the presumptive validity and enforceability of the forum selection clause, as LBAA was a victim of United's overweening bargaining power. There was no meaningful opportunity to object to the forum selection clause.

¶16.    The circuit court cited *Tel-Com* as the basis for its decision to enforce the forum selection clause. *Tel-Com* held:

> [t]he contract in the present case consisted of only two pages, and it was signed by the president of Waveland. ... *The contract between the parties in the present case and the record show no signs of fraud, unfair dealing, or overreaching on the part of either party.* Instead, the record reflects a commercial contract made between two commercial parties for their mutual benefit. ... The forum selection clause did not include a separate heading entitled 'Forum Selection Clause,' yet the language of the clause was not in fine print. It was included in the same manner as the other paragraphs of the contract on the second page. Both parties contracted at arm's length. If Waveland found the terms of the forum selection clause objectionable, it had ample time to object and negotiate for more favorable terms.

782 So. 2d at 152-53 (emphasis added).

¶17.    Here, the warranty was signed by two commercial parties via their respective representatives. Moreover, the form leaves no doubt regarding its substance, i.e. the presence of a forum selection clause. However, there are glaring distinctions between this case and *Tel-Com*, which this Court cannot ignore. Here, the system had been installed, the lease agreements concluded and binding, consideration passed with the deposit and first month's rent paid, all before the warranty was delivered. The window of opportunity to negotiate more favorable terms was already closed. Refusal to sign would leave the purchaser/lessor with no written express warranty. At this juncture, United possessed overweening bargaining power

8

to effect its will regarding forum selection. Therefore, this Court conclusively finds the forum selection clause violates the first prong of the *Zapata* test.

## CONCLUSION

¶18. For these reasons, this Court concludes the forum selection clause is unenforceable. Accordingly, this Court reverses the circuit court's order of dismissal and remands this case to the Circuit Court of the First Judicial District of Harrison County for further proceedings consistent with this opinion.

¶19. **REVERSED AND REMANDED**.

**SMITH, C.J., WALLER AND COBB, P.JJ., DIAZ, EASLEY AND CARLSON, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. DICKINSON, J., NOT PARTICIPATING.**